JEREMY GARNIER,

    Plaintiff,

v.

RYAN UPCHURCH,

    Defendant.

Case No. 25-cv-01649-JPG

## MEMORANDUM AND ORDER

This case is before the Court on Defendant Ryan Upchurch's Motion to Dismiss (Doc. 24). Defendant asks the Court to dismiss Plaintiff Jeremy Garnier's amended complaint in its entirety because: (1) the Court lacks personal jurisdiction over Defendant; (2) venue is improper in this district; and (3) Plaintiff's complaint fails to state a claim. Plaintiff filed a response (Doc. 30), and Defendant filed a reply (Doc. 34).

### I.     BACKGROUND

Plaintiff alleges the following facts in his Amended Complaint (Doc. 14). On August 22, 2025, Plaintiff uploaded an original YouTube video ("the Original Video") in which he stated he was "drug free." The same day, Defendant posted an edited video ("the Edited Video") to Facebook that removed roughly 37 seconds of content, including Plaintiff's statement of sobriety, and narrated or presented the sequence to appear as if occurring in real time. The Edited Video conveyed a false impression that Plaintiff was under the influence of drugs while recording the Original Video. On August 23, 2025, the Edited Video went viral, receiving approximately 800,000 views in a single day. That evening, a member of the public recognized Plaintiff and asked if he was a "crackhead," echoing Defendant's statements. After service of the summons and complaint in this action, Defendant continued to make and republish statements

about Plaintiff on social media, including statements that Plaintiff is a "crackhead." Plaintiff's amended complaint alleges one count—a claim of defamation—against Defendant.

II. **ANALYSIS**

Defendant asks the Court to dismiss this case for lack of personal jurisdiction and improper venue. The Court addresses the personal jurisdiction question first and then the venue question. *Leroy v. Great W. United Corp.*, 443 U.S. 173, 180 (1979) ("The question of personal jurisdiction, which goes to the court's power to exercise control over the parties, is typically decided in advance of venue, which is primarily a matter of choosing a convenient forum.").

A. Personal Jurisdiction:

When personal jurisdiction is challenged under Federal Rule of Civil Procedure 12(b)(2), the plaintiff bears the burden of establishing personal jurisdiction over a defendant. *B.D. by & through Myer v. Samsung SDI Co.*, 91 F.4th 856, 860 (7th Cir. 2024); *Purdue Rsch. Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003). The Court may decide the motion to dismiss without a hearing based on the submitted written materials so long as it resolves all factual disputes in the plaintiff's favor. *Purdue Rsch.*, 338 F.3d at 782; *see also Curry v. Revolution Lab'ys, LLC*, 949 F.3d 385, 392 (7th Cir. 2020). If the Court consults only the written materials, the plaintiff need only make a *prima facie* showing of personal jurisdiction. *Purdue Rsch.*, 338 F.3d at 782 (citing *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 713 (7th Cir. 2002)). A federal court sitting in diversity looks to the personal jurisdiction law of the state in which the court sits to determine if it has jurisdiction. *Hyatt*, 302 F.3d at 713 (citing *Dehmlow v. Austin Fireworks*, 963 F.2d 941, 945 (7th Cir. 1992)). Thus, this Court applies Illinois law. Under Illinois law, a court has personal jurisdiction over a defendant if: (1) the Illinois long-arm statute

grants personal jurisdiction, and (2) the exercise of personal jurisdiction is permissible under both the Illinois Constitution and the United States Constitution. *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1276 (7th Cir. 1997); *Wilson v. Humphreys (Cayman), Ltd.*, 916 F.2d 1239, 1243 (7th Cir. 1990).

The Illinois long-arm statute permits personal jurisdiction over a party to the extent allowed under the due process provisions of the Illinois Constitution and the United States Constitution. 735 ILCS 5/2-209(c); *Hyatt*, 302 F.3d at 714; *Cent. States, Se. & Sw. Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 940 (7th Cir. 2000). The Seventh Circuit has suggested that there is no operative difference between the Illinois and federal due process limits on the exercise of personal jurisdiction. *Hyatt*, 302 F.3d at 715 (citing *RAR*, 107 F.3d at 1276). The Court sees nothing in this case indicating that in this situation the federal and state standards should reach a different result. Therefore, if the contacts between Defendant and Illinois are sufficient to satisfy the requirements of federal due process, then the requirements of both the Illinois long-arm statute and the Illinois Constitution have also been met, and no other inquiry is necessary.

The Due Process Clause of the Fourteenth Amendment limits when a state may assert personal jurisdiction over nonresident individuals and corporations. *Pennoyer v. Neff*, 95 U.S. 714, 733 (1877), *overruled on other grounds by Shaffer v. Heitner*, 433 U.S. 186 (1977). Under federal due process standards, a court can have personal jurisdiction over a defendant only if the defendant has "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. State of Wash., Off. of Unemployment Comp. & Placement*, 326 U.S. 310, 316 (1945) (quoting

*Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). The defendant must have "purposely established minimum contacts with the forum state such that he or she 'should reasonably anticipate being haled into court' there." *Tamburo v. Dworkin*, 601 F.3d 693, 701 (7th Cir. 2010) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985)). What this standard means in a particular case depends on whether the plaintiff asserts "general" or "specific" jurisdiction.

In this case, Plaintiff does not assert that Defendant has sufficient systemic contacts with Illinois to establish general personal jurisdiction. Thus, Plaintiff has waived any general jurisdiction argument. *See Giotis v. Apollo of the Ozarks, Inc.*, 800 F.2d 660, 663 (7th Cir. 1986). Therefore, the Court focuses exclusively on specific jurisdiction. Specific jurisdiction refers to jurisdiction over a defendant in a suit arising out of or in connection with the defendant's purposeful contacts with the forum. *Int'l Shoe*, 326 U.S. at 319–20; *Hyatt*, 302 F.3d at 716 (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415 nn.8–9 (1984)). Where specific jurisdiction is asserted with respect to an intentional tort, like the claim against Defendant in this case, "the inquiry focuses on whether the conduct underlying the claim[] was *purposely directed* at the forum state." *Tamburo*, 601 F.3d at 702 (emphasis added). The Seventh Circuit has established three requirements for finding "purposeful direction" of conduct toward a state: "(1) intentional conduct (or 'intentional and allegedly tortious' conduct); (2) expressly aimed at the forum state; and (3) with the defendant's knowledge that the effects would be felt—that is, the plaintiff would be injured—in the forum state." *Id.* at 703.

The Court finds that Plaintiff has failed to meet his burden to show that it has personal jurisdiction over Defendant. Plaintiff argues that this Court has personal jurisdiction over Defendant because "Plaintiff resides in Illinois and conducts business through his Illinois LLC,"

"Defendant's defamatory statements were published into Illinois and foreseeably caused harm in Illinois, where Plaintiff's reputation, livelihood, and business relationships are centered," and "Plaintiff . . . lost a sponsorship relationship with an Illinois business as a direct result of Defendant's defamatory publication." He further alleges that, "even if Defendant did not know Plaintiff's precise residence, Defendant knew he was targeting a specific individual whose professional activities and reputation were anchored in Illinois" and "[t]he injuries caused by Defendant's conduct were suffered in Illinois, which is sufficient for personal jurisdiction."

But Supreme Court precedent is clear: Defendant's actions do not create sufficient contacts with Illinois "simply because he allegedly directed his conduct" at a plaintiff whom he knew had Illinois connections. *See Walden v. Fiore*, 571 U.S. 277, 289 (2014). The "'minimum contacts' analysis looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." *Id.* at 285. "Due process requires that a defendant be haled into court in a forum State based on his *own* affiliation with the State, not based on the 'random, fortuitous, or attenuated' contacts he makes by interacting with other persons affiliated with the State." *Id.* at 286 (quoting *Burger King*, 471 U.S. at 475 (internal quotations omitted)) (emphasis added). Regardless of how "significant the plaintiff's contacts with the forum may be, those contacts cannot be 'decisive in determining whether the defendant's due process rights are violated.'" *Id.* at 285 (quoting *Rush v. Savchuk*, 444 U.S. 320, 332 (1980)). In other words, "the plaintiff cannot be the only link between the defendant and the forum." *Id.* In addition, the fact that Plaintiff suffered the injury caused by Defendant's conduct in Illinois does not establish the "minimum contacts" required for this Court to exercise personal jurisdiction over Defendant. "[M]ere injury to a forum resident is not a sufficient connection to

5

the forum." *Id.* at 290.

The allegedly defamatory statements made by Defendant were about an Illinois resident, but they did not concern any of his Illinois activities. The portions of Plaintiff's Original Video that were used in the Edited Video were filmed by Plaintiff while he was physically present in Missouri. Defendant created the Edited Video and uploaded the Edited Video to Facebook from his residence in Tennessee. Plaintiff does not allege that Defendant posted the Edited Video to specifically target Illinois residents. In other words, there is no evidence that Defendant posted the Edited Video hoping to reach Illinois specifically as opposed to his Facebook followers generally. In addition, there is no allegation that Defendant "traveled to, conducted activities within, contacted anyone in, or sent anything or anyone to" Illinois. *Id.* at 289. Put simply, Plaintiff does not make any allegation that Defendant expressly aimed his conduct to Illinois. The only connections that Plaintiff alleges Defendant has to Illinois is that he made a post about an Illinois resident, and the post caused harm in Illinois. Those contacts are not sufficient to satisfy due process. As such, Plaintiff has failed to meet his burden to show that this Court has personal jurisdiction over Defendant, and this case cannot be maintained here.

B. Venue:

Federal Rule of Civil Procedure 12(b)(3) provides a procedural mechanism for seeking dismissal of a case for improper venue. Under that rule, the Court assumes the plaintiff's allegations in the complaint are true unless they are contradicted by the defendant's affidavits. *Deb v. SIRVA, Inc.*, 832 F.3d 800, 809 (7th Cir. 2016) (citing 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1352 (2004)). So, the Court may look beyond the allegations in the complaint to consider the evidence. *Id.* at 810–11; *Faulkenberg v. CB Tax*

*Franchise Sys., LP*, 637 F.3d 801, 810 (7th Cir. 2011). But if there is a genuine dispute as to the facts, the Court must accept the plaintiff's facts as true. *Motorola Sols., Inc. v. Hytera Commc'ns Corp. Ltd.*, 402 F. Supp. 3d 450, 454 (N.D. Ill. 2019). Once a defendant has sought dismissal based on improper venue, the plaintiff bears the burden of proving that venue is proper. *Id.*; *Playboy Enters. Int'l, Inc. v. Smartitan (Singapore) PTD Ltd.*, 804 F. Supp. 2d 730, 737 (N.D. Ill. 2011).

> The general venue statute provides that a civil action may be brought in:
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). The Court finds that Plaintiff has failed to meet his burden to show that venue is proper in this district. The first subsection, 28 U.S.C. § 1391(b)(1), does not apply. Plaintiff's complaint asserts that Defendant is domiciled in Tennessee. Accordingly, Defendant does not reside in this district, and venue cannot be established under § 1391(b)(1).

Venue is also not proper in this district under § 1391(b)(2). That subsection states that venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2). The conduct underlying Plaintiff's defamation claim is that Defendant took clips from the Original Video and edited them together to convey a false impression that Plaintiff was under the influence of drugs while recording the Original Video, and he posted the Edited Video to his Facebook. Defendant viewed the Original

7

Video, created the Edited Video, and posted the Edited Video to Facebook while he was physically located in Tennessee. The clips from the Original Video that Defendant used to create the Edited Video were filmed by Plaintiff while he was physically located in Missouri. Plaintiff argues that "a substantial part of the events giving rise to the claim" still occurred in Illinois because his "livestream began in Illinois." However, that is not sufficient. The only part of the livestream at issue in this case is the part that Defendant pulled clips from to create the Edited Video. That part was filmed while Plaintiff was in Missouri, not in Illinois. Therefore, venue is not proper in this district under § 1391(b)(2),

The third subsection, 28 U.S.C. § 1391(b)(3), does not save the day. It only applies "if there is no district in which an action may otherwise be brought" under the first two subsections. The facts alleged in this case establish that there are two proper venues: (1) Tennessee, where Defendant resides; and (2) Missouri, where a substantial part of the events occurred. Accordingly, § 1391(b)(3) does not apply. Plaintiff has failed to meet his burden to show that venue is proper in this district.

    C. <u>Transfer vs. Dismissal:</u>

The question then becomes what to do with the case. Where a court determines that it lacks personal jurisdiction over a defendant or that it is an improper venue for the case, it has discretion to dismiss the claims against the defendant or transfer the case pursuant to 28 U.S.C. § 1406(a). Section 1406(a) states in pertinent part that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." The court need not have personal jurisdiction over the defendant to transfer the case. *Goldlawr, Inc.*

*v. Heiman*, 369 U.S. 463, 465–66 (1962).

Generally, courts prefer transferring a case to a jurisdiction where venue is proper as opposed to dismissing it, especially where the plaintiff filed suit in the wrong district because of elusive or mistaken facts or where the plaintiff will suffer harm from dismissal, such as a time-bar to refiling. *See id.* at 466; *Jennings v. AC Hydraulic A/S*, 383 F.3d 546, 551–52 (7th Cir. 2004). Transfer further avoids the "time-consuming and justice-defeating technicalities" required to refile a case in a proper venue. *See Goldlawr*, 369 U.S. at 467 (internal quotations omitted). Nevertheless, the decision to dismiss instead of transfer is within the Court's discretion when the plaintiff, in its initial choice of forum, disregarded the elementary issue of whether personal jurisdiction existed. *Hapaniewski v. City of Chicago Heights*, 883 F.2d 576, 579 (7th Cir. 1989).

Defendant asks the Court to dismiss this case instead of transferring it because "venue in the Southern District of Illinois is plainly improper." However, the Court believes that justice requires this case be transferred to the United States District Court for the Middle District of Tennessee. Plaintiff filed his complaint *pro se*. The issues of personal jurisdiction and venue can be difficult; they are particularly difficult in circumstances, like here, where a plaintiff alleges that an intentional tort has been committed over the internet. This case does not have absolutely no connection to Illinois. Plaintiff is an Illinois resident and states that he has suffered harm from the allegedly defamatory statements in Illinois. In addition, he claims that his livestream, which Defendant pulled clips from to create the Edited Video, began while Plaintiff was in Illinois and traveling to Missouri. Although those connections are not sufficient to establish that Defendant had minimum contacts with Illinois or that venue is proper in this district, they are adequate for the Court to conclude that Plaintiff's decision to file his case in this Court was not the result of

9

complete disregard of the issues of personal jurisdiction and venue.

### III. CONCLUSION

The Court finds that Plaintiff has failed to meet his burden to establish that it has personal jurisdiction over Defendant or that it is a proper venue for this action. However, it believes that justice requires it to transfer this case instead of dismissing it outright. Therefore, it DENIES Defendant Ryan Upchurch's Motion to Dismiss (Doc. 24) and TRANSFERS this case to the United States District Court for the Middle District of Tennessee.

**IT IS SO ORDERED.**
**DATED**: **December 19, 2025**

          s/ J. Phil Gilbert
          **J. PHIL GILBERT**
          **United States District Judge**